# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ERIC TEAGUE, #30551-058, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−00253−JPG |
| B. TRUE, ERIC WILSON, R. BASKERVILLE, A. W. LEWIS, MRS. WILLIAMS, MRS. DAWN, E. MURPHY, MELISSA WYNN, MR. HUGGINS, LT. McCALLISTER, MR. DEATON, MS. WOMICK, and MS. BYRUM, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Eric Teague, an inmate who is currently incarcerated in the United States Penitentiary located in Marion, Illinois, brings this action for deprivations of his constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This matter is now before the Court for preliminary review of the First Amended Complaint filed on July 16, 2018.[1] (Doc. 22). In it, Plaintiff alleges that he has been denied access to the Federal Bureau of Prisons' ("BOP") electronic messaging services at the United

---

[1] Plaintiff filed the First Amended Complaint, in response to the Court's Order denying his request to submit a piecemeal amendment to the original Complaint. (Docs. 5-6). The First Amended Complaint supersedes and replaces all prior versions of the Complaint (Docs. 1 and 5) and renders them void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

1

States Penitentiary in Marion, Illinois (USP-Marion) and the Federal Correctional Institution in Petersburg, Virginia (FCI-Petersburg). (Doc. 22, p. 4). Plaintiff seeks monetary damages for violations of his rights under the First Amendment and for slander. (Doc. 22, p. 5).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff alleges that he has been unlawfully denied use of the BOP's Trust Fund Limited Inmate Computer System ("TRULINCS") at USP-Marion and FCI-Petersburg since February 10, 2017. (Doc. 22, p. 4). He does not explain why. (Doc. 22). According to an

Administrative Remedy Response that was filed as an exhibit to the First Amended Complaint, Plaintiff's access was denied at FCI-Petersburg after he used email messaging to send nude selfies to a 16-year-old female. (Doc. 22, p. 15). Plaintiff also had a "history of using the internet, text message[s] and social media to contact [his] victim." *Id*.

Plaintiff blames the Wardens at USP-Marion and FCI-Petersburg for the decision to unlawfully deny him TRULINCS access, which he claims was based on their mischaracterization of his crime of conviction and related restrictions on his communications. (Doc. 22, p. 4). Plaintiff maintains that his personal computer use was subject to monitoring. *Id*. However, a ban on Plaintiff's access to TRULINCS violates his First Amendment rights. *Id*.

## Discussion

Based on the allegations set forth in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** First Amendment claim against Defendants for denying Plaintiff access to email messaging through TRULINCS at USP-Marion and FCI-Petersburg in 2017-18.
>
> **Count 2:** Slander claim against the USP-Marion and FCI-Petersburg wardens for mischaracterizing Plaintiff's crime of conviction and/or misinterpreting his related restrictions on electronic communication when denying him access to TRULINCS.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Count 1

BOP Program Statement 4500.11[2] governs TRULINCS electronic messaging. (Doc. 22, pp. 6-10, 15). TRULINCS is a computer system that allows federal inmates to send and receive

---

[2] The policy statement can be found at the BOP Policy Locator web page: https://www.bop.gov/PublicInfo/execute/policysearch?todo=query (last visited Sept. 6, 2018). This policy shall be referred to herein as "PS 4500.11."

3

electronic mail.  (*See* PS 4500.11 at 14.1).  All activity on the system is monitored and recorded to ensure the safety and security of the correctional facility and the protection of the public.  *Id*.

An inmate's access to TRULINCS is a privilege, not an entitlement.  (*See* PS 4500.11 at 14.2).  Prison wardens have absolute discretion to deny, discontinue, or limit any inmates' use of the system for safety and security reasons.  *Id*.  Wardens are encouraged to seriously consider imposing restrictions on sex offenders whose crime of conviction, conduct, or personal history suggests a propensity to misuse the system—either to commit additional offenses or in a manner that threatens the safety and security of the prison or the public.  (*See* PS 4500.11 at 14.9(a)(1)).  Restrictions on an inmate's use of TRULINCS may be permanent.  *Id*.

As a preliminary matter, the Court notes that a First Amendment free speech claim against individual federal agents has not yet been declared actionable under *Bivens*.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting that the Supreme Court has declined to extend *Bivens* to a claim sounding in the First Amendment); *Ziglar v. Abassi*, 137 S.Ct. 1843, 1857-58 (2017) (creating new *Bivens* action is "strongly disfavored").  However, even if the Court assumes that a *Bivens* action is available, the allegations still fail to articulate a viable claim against the defendants.  *Ashcroft v. Iqbal*, 556 U.S. at 675.

Plaintiff has no constitutional right to access TRULINCS to send or receive emails.  *See, e.g., Monk v. Dawn*, No. 18-cv-01318-JPG, 2018 WL 3587713, at *2 (S.D. Ill. July 26, 2018) (noting that "[n]ot every denial of a 'privilege' (such as access to TRULINCS) amounts to a constitutional violation).  Courts considering such claims have summarily rejected them.  *See Sebolt v. Samuels*, -- F.3d --, 2018 WL 4232075 (7th Cir. Sept. 6, 2018); *Stratton v. Speanek*, No. 14-CV-120-HRW, 2014 WL 6705394, at *3 (E.D. Ky. Nov. 26, 2014) (citing cases) (use of the TRULINCS system is an institutional privilege and not a constitutionally protected right);

*Edington v. Warden of FCI Elkton*, No. 4:14CV2397, 2015 WL 1843240, at *4 (N.D. Ohio Apr. 22, 2015) (dismissing *Bivens* claim at screening based on denial of access to TRULINCS)). *See also Gatch v. Walton*, No. 13-cv-1168-MJR, 2013 WL 6405831, at *3 n. 4 (S.D. Ill. 2013) (collecting cases).

Although prisoners have a right to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), their use of other forms of communication is not guaranteed. *See, e.g., Gatch*, 2013 WL 6405831, at *2. For example, reasonable restrictions on an incarcerated person's phone use have withstood constitutional scrutiny. *See id.* (collecting cases) (inmates have no right to unlimited telephone use). Restrictions on an inmate's ability to receive visitors have also been upheld as rationally related to legitimate penological interests. *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).

Plaintiff's challenge to the TRULINCS restrictions does not pass muster. A policy that restricts a prisoner's constitutional rights must be reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987). When analyzing the reasonableness of a restriction, courts consider four factors: (1) whether a valid, rational connection exists between the restriction and the legitimate government interest advanced to justify it; (2) whether alternative means of exercising the right are available to the inmate; (3) what effect accommodating the exercise of the right would have on guards, inmates, and prison resources generally; and (4) whether a ready, easy-to-implement alternative exists that would accommodate the prisoner's rights. *Id*.

In this case, there is an obvious connection between Plaintiff's restriction on access to TRULINCS and the interest in protecting the public and maintaining prison security, given that Plaintiff's past offense and relevant conduct arose from improper use of electronic

communications.  Plaintiff has other means of communication available to him (*e.g.*, mail, phone, and visits), and he complains of no denial of access to these alternative forms of communication.  Further, TRULINCS access would require additional prison resources to screen and monitor his use of email.  Under the circumstances, the Court finds that the restriction on Plaintiff's use of TRULINCS was reasonably related to a legitimate penological interest.  The denial of Plaintiff's access to email messaging does not amount to an infringement of his First Amendment rights.  Accordingly, Count 1 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Count 2

Claims for slander or defamation are not actionable as a constitutional tort.  *Paul v. Davis*, 424 U.S. 693, 712 (1976); *Warner v. Brown*, 670 F. App'x 420, 423 (7th Cir. 2016) (citing *Buckley v. Fitzsimmons*, 20 F.3d 789, 797 (7th Cir. 1994) (the interest harmed by slander is not protected in the Constitution)).  Therefore, Count 2 shall also be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.  The Court finds that further amendment would be futile and therefore dismisses the action **with prejudice**.  *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 11, 2018**

s/J. Phil Gilbert
**U.S. District Judge**
